72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
WILLIAM J. DAVIS, INC., Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
 No. 94-7112.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 24, 1995.
 
 Before: BUCKLEY, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the District Court's order of summary judgment for Allstate Insurance Company be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 William J. Davis, Inc. ("Davis"), a Maryland real estate management company, sought relief in the District Court from Allstate Insurance Company ("Allstate") for Allstate's failure to indemnify Davis under a business liability insurance policy for a loss suffered as a result of a $2,413,000 jury verdict and for failure to defend Davis in the underlying housing discrimination action. The District Court determined that the language of the insurance policy did not provide for coverage or create a duty to defend and accordingly granted summary judgment for Allstate. Because the District Court was correct in this determination and because Davis failed to raise its other claim for bad faith processing in the court below, we affirm.
 
 
 5
 The insurance policy at issue provided coverage for "personal injury," defined in relevant part as "[a]ny wrongful entry on anyone's premises, wrongful eviction from those premises or other action that violates anyone's private occupancy." Davis argues that this language is ambiguous as to whether the policy covers damages stemming from illegal discrimination. Generally, ambiguities in a policy are resolved in favor of the insured, and Davis urges that Allstate should therefore have defended it in the discrimination litigation under the principle that an insurer has a duty to defend if there is even a possibility that the claim could be covered by the policy. Continental Casualty Co. v. Cole, 809 F.2d 891, 895 (D.C.Cir.1987). Davis cites several cases from other jurisdictions finding definitions of "personal injury" ambiguous. However, we have already construed nearly identical insurance policy language in Bernstein v. North East Ins. Co., 19 F.3d 1456 (D.C.Cir.1994), so recourse to cases from other jurisdictions is unnecessary. The policy in Bernstein provided protection for damages resulting from "other invasion of the right of private occupancy." We specifically held that this language did not cover housing discrimination. Id. at 1458. For present purposes, there is no discernible difference between the relevant policy language in Bernstein and the language at issue in this case, so we must conclude that the District Court was correct in holding that the Allstate policy's unambiguous language does not include a discrimination claim by a prospective tenant. The insurer therefore had no duty to indemnify Davis for damages assessed in court and no duty to defend Davis in the underlying action. Accordingly, we affirm the District Court's granting of summary judgment for Allstate.
 
 
 6
 Davis also claims that Allstate breached its duty of good faith and fair dealing by exercising bad faith in the manner in which it processed Davis' claim, regardless of whether or not the policy actually covered the claim. Specifically, Davis points to Allstate's failure to notify it of a coverage problem, allegedly slip-shod claims evaluation procedures and disparate treatment of Davis vis-a-vis another insured. As Davis explains in its brief, this bad faith processing claim is a separate claim for relief from the claims for refusal to defend and indemnify. As a separate claim, the facts underlying it must be pled in the complaint. FED.R.CIV.P. 8(a)(2) (providing that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Neither in its complaint nor elsewhere in the record did Davis raise the bad faith processing claim in the District Court. While Davis did allege bad faith in its Amended Complaint and its Supplement to Opposition to Summary Judgment Motion, it specifically tied those allegations to Allstate's refusals to defend and indemnify. For instance, the Amended Complaint refers to Allstate's alleged "Bad Faith Refusal to Defend and/or Pay," and the Supplement refers to "the wrongful, capricious conduct of the insurer in denying coverage." Neither these statements nor anything else raised by Davis in the District Court asserts any breach of a duty to process a claim outside the ultimate coverage afforded by the policy. Davis cannot raise a new claim for relief on appeal, so we cannot consider its bad faith processing claim.